IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER, GRUBER AUTOMOTIVE,
MICHAEL EDWARDS and
HEALTHY HOME PRODUCTS LLC,

                                                          ORDER

                Plaintiffs,

                                                          16-cv-664-bbc

      v.

COLUMBIA COUNTY,
COLUMBIA COUNTY BOARD AD HOC BUILDING COMMITTEE,
VERN GOVE, KIRK KONKEL, JOSEPH RUF, KRISTA MILLER,
MILLER AND MILLER LLC, JOHN MILLER,
MARK HAZEL BAKER, KASIETA LEGAL GROUP LLC,
CITY OF PORTAGE, CITY OF PORTAGE POLICE DEPARTMENT,
SHAWN MURPHY, KENNETH MANTHEY, KLAUDE THOMPSON,
J.H. FINDORFF AND SONS INC.,
COLUMBIA COUNTY CONDEMNATION COMMITTEE
and TODD BENNETT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Michael Edwards has filed a document that he calls a "motion to dismiss" in which he asks the court to dismiss all claims by him and Healthy Home Products LLC. Dkt. #20. Under Fed. R. Civ. P. 41(a)(1)(A), plaintiff Edwards does not need permission from the court to dismiss his own claims because defendants have not filed an answer or motion for summary judgment. However, as a pro se litigant, Edwards does not have authority to act on behalf of a company. 1756 W. Lake St. LLC v. American Chartered

1

<u>Bank</u>, 787 F.3d 383, 385 (7th Cir. 2015) ("[A] limited liability company, like a corporation, cannot litigate pro se or be represented in the litigation by a nonlawyer.").  Therefore, I am dismissing the claims filed on behalf of Healthy Home Products, not because plaintiff Edwards asks for dismissal, but because neither Edwards nor plaintiff John Gruber, who is also pro se, had authority to bring a claim on behalf of Healthy Home Products in the first place.

The same conclusion applies to Gruber Automotive.  To the extent that Gruber Automotive is a business entity distinct from plaintiff John Gruber, the business cannot appear without a lawyer.  To the extent that John Gruber simply does business under the name of Gruber Automotive, he cannot sue separately under his business name.  Either way, Gruber Automotive cannot remain a plaintiff.

ORDER

IT IS ORDERED that

1.  Plaintiff Michael Edwards's motion to dismiss all of his claims, dkt. #20, is GRANTED under Fed. R. Civ. P. 41(a)(1)(A).

2.  On the court's own motion, the claims filed on behalf of plaintiff Healthy Home

Products LLC and Gruber Automotive are DISMISSED because neither entity is represented by counsel.

Entered this 9th day of November, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge