IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER,

                                                                                                     ORDER

                    Plaintiffs,

                                                                16-cv-664-bbc

     v.

COLUMBIA COUNTY,
COLUMBIA COUNTY BOARD AD HOC BUILDING COMMITTEE,
VERN GOVE, KIRK KONKEL, JOSEPH RUF, KRISTA MILLER,
MILLER AND MILLER LLC, JOHN MILLER,
MARK HAZEL BAKER, KASIETA LEGAL GROUP LLC,
CITY OF PORTAGE, CITY OF PORTAGE POLICE DEPARTMENT,
SHAWN MURPHY, KENNETH MANTHEY, KLAUDE THOMPSON,
J.H. FINDORFF AND SONS INC.,
COLUMBIA COUNTY CONDEMNATION COMMITTEE
and TODD BENNETT,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff John Gruber is suing various individuals and entities in Columbia County, Wisconsin for allegedly violating his property rights under both federal and state law for being involved in an effort to condemn his property to make way for a new construction project. The parties are briefing three separate motions to dismiss filed by different groups of defendants. Dkt. ##5, 8 and 14.

      Now plaintiff has filed what he calls a "motion for partial summary judgment." Dkt. #29. I am denying this motion for several reasons. First, as a general rule, this court does

1

not entertain motions for summary judgment until after the preliminary pretrial conference, which is not scheduled until December 20, 2016. Second, plaintiff did not follow the court's procedures for filing a motion for summary judgment, which require him to include proposed findings of fact with his motion, something Magistrate Judge Stephen Crocker would have explained at the preliminary pretrial conference. Third, because defendants' motions could resolve the case, it makes no sense to begin briefing a new motion until the court decides defendants' motions.

Finally, even if plaintiff had followed the court's procedures and brought his motion at the appropriate time, I would deny it because nothing in the motion shows that he is entitled to judgment on any of his claims. In his three-page brief in support of his motion, plaintiff fails to develop or support any arguments that any of the defendants have violated his rights under federal or state law.

ORDER

IT IS ORDERED that plaintiff John Gruber's motion for partial summary judgment, dkt. #29, is DENIED.

Entered this 22d day of November, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge