IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GRUBER,

                Plaintiff,

  v.

COLUMBIA COUNTY, COLUMBIA COUNTY
BOARD AD HOC BUILDING COMMITTEE, VERN
GOVE, KIRK KONKEL, JOSEPH RUF, KRISTA
MILLER, MILLER AND MILLER LLC, JOHN
MILLER, MARK HAZEL BAKER, KASIETA LEGAL
GROUP LLC, CITY OF PORTAGE, CITY OF
PORTAGE POLICE DEPARTMENT, SHAWN
MURPHY, KENNETH MANTHEY, KLAUDE
THOMPSON, J.H. FINDORFF AND SONS INC.,
COLUMBIA COUNTY CONDEMNATION
COMMITTEE, and TODD BENNETT,

                Defendant.

ORDER

16-cv-664-bbc[1]

---

Pro se plaintiff John Gruber is suing various individuals and entities in Columbia County, Wisconsin, alleging that they violated his property rights under both federal and state law for being involved in an effort to condemn his property to make way for a new construction project. Now Gruber has filed a motion for a temporary restraining order or a preliminary injunction. Dkt. 50. Gruber is asking this court to block an order from the Columbia County Circuit Court authorizing his eviction from the property at issue in this case.

I cannot grant Gruber any relief. A federal court has no authority to enjoin a state court in a civil case except in rare circumstances not alleged in Gruber's motion. 28 U.S.C. §

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

2283; *Trustees of Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 805 (7th Cir. 2012) ("A federal court may not enjoin proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). If Gruber is dissatisfied with a ruling from the state circuit court, his remedy is with the Wisconsin Court of Appeals, not this court. In fact, a review of the circuit court's electronic docket shows that Gruber *has* appealed the circuit court's order. *In re Proceedings to Determine Just Compensation of Real Estate @ 208 E Edgewater St, Portage WI 53901*, Case No. 2016cv138 (Columbia Cty. Cir. Ct.), Dkt. 99. That is another reason for denying Gruber's motion. *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (federal court may abstain from deciding matter that is being resolved by parallel proceedings in state court).

Even if I could consider the merits of Gruber's motion, I would deny it because nothing in it shows that he is entitled to an injunction. Gruber relies primarily on a state law, Wis. Stat. § 32.25, which places various requirements on the government before condemning certain properties. Even assuming that this court has jurisdiction under 28 U.S.C. § 1367 to consider a claim under § 32.25 and that § 32.25 creates a private right of action to sue, *Grube v. Daun*, 210 Wis. 2d 681, 689, 563 N.W.2d 523, 526 (1997) (no private right of action without "clear indication of the legislature's intent to create such a right"), Gruber has not cited any evidence that any defendant violated that law. He simply says that they did, which is not sufficient to get an order for an injunction from this court.

Gruber relies on the Takings Clause of the United States Constitution as well, but that provision is primarily about determining the amount of compensation that a property owner should receive when the government exercises its power of eminent domain. A

plaintiff may obtain an injunction only "when the government has taken property for a private, rather than a public, use" or when the plaintiff is challenging the constitutionality of a statute. *Sorrentino v. Godinez*, 777 F.3d 410, 414 (7th Cir. 2015). In this case, Gruber is not challenging a state statute and he admits in his motion that Columbia County condemned his property for "a new government building complex and restoration of the Portage canal," Dkt. 50, at 1, which are both public uses.

Gruber also cites other constitutional provisions, but he neither develops an argument regarding why he believes his eviction violates those provisions or cites evidence showing a violation of a particular right. Accordingly, Gruber has forfeited those issues. *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013) ("We will not entertain baseless and unsupported factual contentions or undeveloped legal arguments").

ORDER

IT IS ORDERED that plaintiff John Gruber's motion for a temporary restraining order or preliminary injunction, Dkt. 46, is DENIED.

Entered January 19, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge