IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER,

                                          OPINION and ORDER

               Plaintiffs,

                                          16-cv-664-bbc

        v.

COLUMBIA COUNTY, COLUMBIA COUNTY BOARD
AD HOC BUILDING COMMITTEE, VERN GOVE,
KIRK KONKEL, JOSEPH RUF, KRISTA MILLER,
MILLER AND MILLER LLC, JOHN MILLER,
MARK HAZELBAKER, KASIETA LEGAL GROUP LLC,
CITY OF PORTAGE, CITY OF PORTAGE POLICE DEPARTMENT,
SHAWN MURPHY, KENNETH MANTHEY, KLAUDE THOMPSON,
J.H. FINDORFF AND SONS INC., COLUMBIA COUNTY
CONDEMNATION COMMITTEE and TODD BENNETT,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for declaratory and injunctive relief brought under 42 U.S.C. § 1983 and Wisconsin state law, pro se plaintiff John Gruber is suing various individuals and entities in Columbia County, Wisconsin, for allegedly violating his property rights in their efforts to condemn his property to make way for a new construction project.  After plaintiff refused to sell his property voluntarily, defendant Columbia County filed a petition in the Circuit Court for Columbia County to acquire it by condemnation (or eminent domain), and that action is pending.  Plaintiff contends that during the condemnation process, defendants violated his federal constitutional rights under the takings clause, the due process clause, the

equal protection clause and the Fourth Amendment (which prohibits unreasonable searches and seizures). In addition, he contends that defendants violated the takings clause of the Wisconsin State Constitution and Wis. Stat. ch. 32.

Before the court are three separate motions to dismiss this case under Fed. R. Civ. P. 12(b)(6) and three separate motions for sanctions under Fed. R. Civ. P. 11 filed by: (1) defendants City of Portage, City of Portage Police Department, Shawn Murphy, Kenneth Manthey and Klaude Thompson (the city defendants), dkt. ##5 and 42; (2) defendants Columbia County, Columbia County Board Ad Hoc Building Committee, Vern Gove, Kirk Konkel, Joseph Ruf III, Krista Miller, John Miller, Miller and Miller LLC, Mark Hazelbaker, Kasieta Legal Group LLC and Columbia County Condemnation Committee Chairman Todd Bennett (the county defendants), dkt. ##8 and 37; and (3) defendant J.H. Findorff and Sons, Inc., dkt. ##14 and 52.

Defendants' motions to dismiss plaintiff's complaint will be granted. Under the ripeness doctrine for constitutional property rights (or "takings") claims, federal courts cannot adjudicate § 1983 claims directly related to a land dispute until the property owner exhausts available state remedies for compensation. Williamson County Regional Planning Comission v. Hamilton Bank, 473 U.S. 172, 193-94 (1985). Because I conclude that plaintiff's takings, due process and unreasonable search and seizure claims relate directly to the condemnation action pending in state court, they are not ripe for review by this court. Plaintiff's complaint will be dismissed without prejudice as to those claims for his failure to exhaust state remedies for just compensation.

2

Although the <u>Williamson County</u> doctrine would not apply to an equal protection claim involving conduct and an injury not solely related to the condemnation of plaintiff's property, plaintiff has not pleaded enough facts to allow me to make that determination in this case.  Accordingly, I will dismiss plaintiff's complaint as to the equal protection claim without prejudice because it violates federal pleading requirements.  However, I will give plaintiff an opportunity to file an amended complaint as to that claim that fixes the problems described in this order and otherwise complies with the Federal Rules of Civil Procedure.

I am dismissing plaintiff's complaint as to his claims under the Wisconsin Constitution and Wis. Stat. ch. 32 under 28 U.S.C. § 1367(c).  Because plaintiff and defendants appear to be citizens of Wisconsin, jurisdiction over plaintiff's state law claims depends on the requirements for supplemental jurisdiction in § 1367, which applies when the state and federal claims arise out of the same facts.

Finally, the motions for sanctions filed by defendant Findorff and the city and county defendants will be denied because defendants have not shown that sanctions are warranted in this case.

For the sole purpose of deciding these motions, I accept as true the following facts alleged in plaintiff's complaint or included in the public court record in the condemnation action.  <u>Ennenga v. Starns</u>, 677 F.3d 766, 773 (7th Cir. 2012) (in deciding a motion to dismiss, court may take judicial notice of "acts readily ascertainable from the public court record and not subject to reasonable dispute.").

ALLEGATIONS OF FACT

For the past 30 years, plaintiff John Gruber has been the owner and operator of Gruber Automotive at 208 E. Edgewater Street in Portage, Wisconsin.  Gruber Automotive sits on property located adjacent to the Historic Portage Canal System, which defendant Columbia County and defendants Columbia County Board Members have selected, along with adjoining properties, for the construction of new government buildings.

Defendant Vern Gove of the Board of Supervisors for Columbia County created the Ad Hoc Building Committee specifically to acquire the properties needed for the construction project and appointed defendant Kirk Konkel as chairman of the committee.  Defendant Konkel then appointed Gove, Corporation Counsel Joseph Ruf and Krista Miller, a lawyer, to assist him.  Ruf suggested that the county hire another lawyer, defendant John Miller, and defendant Miller and Miller LLC to assist with the acquisition of the properties, and the committee agreed.  The lawyers were hired without a written contract, bids, discussion about costs or an explanation of whether taxpayer funds were available.  On April 15, 2015, the lawyers notified plaintiff that the county wanted to purchase his property for $237,000.00, but plaintiff declined the offer.

On March 29, 2016, a deputy sheriff served plaintiff with a document entitled "Jurisdictional Offer, Sec. 32.06, Wis. Stat.," which stated that defendant Columbia County was offering to purchase plaintiff's property for $195,000.00.  Because plaintiff refused to sell his property voluntarily, defendant Columbia County filed a condemnation (or eminent domain) petition in the Circuit Court for Columbia County, case no. 2016-CV-00138, on

4

April 25, 2016, through their counsel, defendants Mark Hazelbaker and Kasieta Legal Group LLC. The circuit court ordered defendant Columbia County Condemnation Commission to determine the value of plaintiff's property, and on August 4, 2016, the committee chairman, defendant Todd Bennett, issued a written decision.

During the valuation process, neither Bennett nor the county prepared or submitted a relocation plan to the Wisconsin Department of Administration for approval, as required under Wis. Stat. § 32.25 and Wis. Admin. Code § 92.001. Blanc v. City of Janesville, 2013 WI App 94, ¶ 5 and n.1, 349 Wis. 2d 527, 835 N.W.2d 292 (summarizing relocation plan approval process). The circuit court entered an order regarding the condemnation committee's decision and plaintiff appealed. Although that appeal was denied, a review of the public record of the circuit court case shows that the condemnation action is pending and scheduled for trial in March 2017. https://wcca.wicourts.gov/courtRecordEvents for case no. 2016-CV-00138 (visited Feb. 16, 2017).

The former mayor of Portage (whom plaintiff refers to as "Tierney") "appointed or assigned" defendants City Administrator Shawn Murphy, City of Portage Police Department, Chief of Police Manthey and Officer Klaude Thompson (the city defendants) to assist the county by trying to force plaintiff to sell his property at below market value. The city defendants regularly issued plaintiff unjust ordinance violations, arrested plaintiff's customers and issued them tickets, towed plaintiff's vehicles and planned a raid to evict plaintiff and "shoot" him.

The county's proposed construction project includes the dredging of the Portage Canal.

5

Defendant J.H. Findorff and Sons, Inc. is the general contractor for the project and is responsible for removing "toxic sludge" from the canal.  Between approximately March and July 2016, contractors hired by Findorff dumped toxic sediments containing PCBs, mercury, lead and other metals taken from the canal on or near plaintiff's property during the night with the protection of Chief Manthey and Officer Thompson.  Findorff also harmed plaintiff's business with "continuous heavy construction equipment traffic, road closures, construction accidents [and] seizure of parking places for customers."  Dkt. #1, ¶ 6.

## OPINION

### I.  MOTIONS TO DISMISS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  See also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (complaint must allege sufficient facts to state claim to relief that is "plausible on its face").  When considering a motion to dismiss for failure to state a claim, a court must accept as true the well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  Alam v. Miller Brewing Co., 709 F.3d 662, 665-66 (7th Cir. 2013);

6

<u>Yeksigian v. Nappi</u>, 900 F.2d 101, 102 (7th Cir. 1990).  Further, in addressing any pro se litigant's complaint, the court must construe the complaint liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972); <u>Luevano v. Wal-Mart Stores, Inc.</u>, 722 F.3d 1014, 1027 (7th Cir. 2013) (federal pleading standards for pro se plaintiffs are "considerably relaxed").

Plaintiff broadly asserts that defendants violated his substantive and procedural due process rights, in violation of the Fifth Amendment; denied him equal protection, in violation of the Fourteenth Amendment; conducted an unreasonable seizure in violation of the Fourth Amendment; violated the takings clause of the Fifth Amendment and the Wisconsin State Constitution; and failed to follow the requirements in Wis. Stat. § 32.25 for submitting a relocation payment and assistance services plan.  Although it is difficult to ascertain the exact nature of plaintiff's claims, I understand plaintiff to allege the following:

1)  Defendants Columbia County, Gove, the Ad Hoc Building Committee, Konkel, Ruf and Krista Miller hired defendants John Miller and Miller and Miller, LLC to acquire his property without first seeking bids, discussing the cost of legal representation, entering into a contract with the lawyers to define their services or considering the taxpayer funds and "fiduciary controls" necessary to pay for the properties they condemned.  Dkt. #1, ¶¶ 3 and 25.  Defendants John Miller, Hazelbaker and Miller and Miller then disbursed taxpayer funds to property owners without proper authority to do so.  <u>Id.</u> at ¶¶ 18-19.

2)  The condemnation action is "fraudulent" and "void" because defendant Columbia County never entered into a contract for legal services that would permit defendants Mark Hazelbaker and Kasieta Legal Group, LLC to act on the county's behalf during the

7

condemnation proceedings.  Dkt. #1, ¶ 4.

3)  Defendants City of Portage, City Administrator Murphy, City of Portage Police Department, Chief Manthey and Officer Thompson exercised their police power unlawfully by regularly issuing unjust ordinance violations, arresting plaintiff's customers, issuing tickets to plaintiff's customers and towing plaintiff's vehicles.  They also "conspired" to raid plaintiff's property and shoot him in an effort to force him to leave his property.  Dkt. #1, ¶¶ 5 and 20.

4)  Defendant Findorff conspired with the other defendants to reduce the value of his property by spilling toxic substances on his property and injuring his business with heavy construction equipment traffic, road closures, construction accidents and seizing his customers' parking spaces.  Dkt. #1, ¶¶ 6 and 26.

5)  Defendant Columbia County did not prepare a relocation plan as required by Wis. Stat. § 32.25.  Dkt. #1, ¶ 1.

6)  Defendant Bennett violated § 32.25 by failing to obtain written approval of a relocation plan from the state of Wisconsin before allowing the construction project to displace property owners.  Dkt. #1, ¶ 7.

Defendants assert that plaintiff's § 1983 claims alleging federal constitutional violations are not ripe because he has not fully exhausted his remedies in state court.  They also raise a number of other challenges to plaintiff's claims, including that his complaint generally fails to satisfy the requirements of Rule 8, names defendants who cannot be sued or who have immunity and does not allege facts stating a plausible claim for relief in every

instance.

It is unnecessary to address most of defendants' arguments related to the deficiencies in the complaint because I agree that, with the possible exception of plaintiff's equal protection claim, all of plaintiff's federal constitutional claims are not ripe. I will address each of plaintiff's federal claims separately and then address his state law claims.

## A. Takings Claim

The United States Supreme Court has articulated a special ripeness doctrine for constitutional property rights (or "takings") claims that precludes federal courts from adjudicating land use disputes until (1) the regulatory agency has had an opportunity to make a considered and definitive decision, and (2) the property owner exhausts available state remedies for compensation. Williamson, 473 U.S. at 193-94. In explaining these requirements, the Court of Appeals for the Seventh Circuit has stated that "there is no uncompensated taking—that is, nothing to litigate under § 1983—until the state has established (a) what it has taken, and (b) its refusal to pay 'just compensation.'" SGB Financial Services, Inc. v. Consolidated City of Indianapolis-Marion County, Indiana, 235 F.3d 1036, 1038 (7th Cir. 2000) (noting that final decision about disposition of plaintiff's property, coupled with lack of financial remedy could satisfy both prongs).

Plaintiff has not yet exhausted his state remedies for obtaining compensation for the alleged illegal taking of his property. The condemnation action is ongoing in state circuit court; if it is not resolved in plaintiff's favor, he has the right to appeal the decision. In

addition, Wisconsin permits individuals who believe that they were not justly compensated for property taken by a government entity to seek redress directly under the taking clause of Article I, § 13 of the Wisconsin Constitution.  Eberle v. Dane County Board of Adjustment, 227 Wis. 2d 609, ¶¶ 22, 47, 595 N.W.2d 730 (1999).  (Although some of the defendants point out that Wis. Stat. § 32.10 allows a property owner to institute condemnation proceedings to determine whether the defendant is occupying the property lawfully, Hoepker v. City of Madison Plan Commission, 209 Wis. 2d 633, 653, 563 N.W.2d 145 (1997), it appears that the county has instituted such proceedings in this case.)  Therefore, plaintiff's claim that defendants violated the takings clause of the Fifth Amendment is not yet ripe.  It will be dismissed without prejudice to his refiling it about he has exhausted his remedies in state court, including any appeals.

## B.  Due Process and Unreasonable Search and Seizure

Plaintiff has alleged that defendants' failure to follow necessary procedures in instituting the condemnation process, including not entering into proper contracts for legal services and not submitting a relocation plan for approval (see claims numbered one, two, five and six above), violated his right to procedural and substantive due process and resulted in an unreasonable seizure under the Fourth Amendment.  Brokaw v. Mercer County, 235 F.3d 1000, 1011 (7th Cir. 2000) (even an authorized seizure is not reasonable if carried out in an unreasonable manner).  These claims are barred under the same exhaustion doctrine that applies to plaintiff's claim under the takings clause.

The Court of Appeals for the Seventh Circuit has read <u>Williamson County</u> broadly and held that a property owner may not avoid the exhaustion requirement by applying labels such as "substantive due process" or "procedural due process" to his claims.  <u>Forseth v. Village of Sussex</u>, 199 F.3d 363, 368 (7th Cir. 2000) ("Labels do not matter.  A person contending that state or local regulation of the use of land has gone overboard must repair to state court.") (quoting <u>River Park, Inc. v. City of Highland Park</u>, 23 F.3d 164, 167 (7th Cir. 1994)).  In this case, the takings issue cannot be separated from the alleged due process and Fourth Amendment violations, all of which relate to how defendant acquired his property.  Plaintiff has not identified any injury or seizure apart from the loss of his property.  (Plaintiff alleges conduct on the part of the city defendants and defendant Findorff that could have resulted in harm to his business, but I will address those allegations in conjunction with plaintiff's equal protection claim.)  Similarly, his allegations that defendants' actions lowered the value of his property relate directly to the takings issue currently being litigated in state court.  In addition to determining whether condemnation is appropriate, the state circuit court will determine the value of plaintiff's property.  Accordingly, plaintiff's due process and Fourth Amendment claims will be dismissed without prejudice because plaintiff has not yet exhausted his state court remedies with respect to the taking of his property.

### D.  Equal Protection

Plaintiff contends generally that defendants' conduct violated his right to "equal protection."  In <u>Forseth</u>, the Court of Appeals for the Seventh Circuit recognized that "bona

fide equal protection claims arising from land-use decisions can be made independently from a takings claim and without being subject to <u>Williamson County</u> ripeness." <u>Forseth</u>, 199 F.3d at 370.  However, "[a]bsent a fundamental right or a suspect class, to demonstrate a viable equal protection claim in the land-use context, the plaintiff must demonstrate 'governmental action wholly impossible to relate to legitimate governmental objectives.'" <u>Id.</u> at 370-71 (quoting <u>Esmail v. Macrane</u>, 53 F.3d 176, 180 (7th Cir. 1995)).  The court of appeals has held that this standard is satisfied when the equal protection claim is based on (1) the malicious conduct of a governmental agent (or a spiteful effort to "get" him for reasons wholly unrelated to any legitimate state objective); or (2) a "prayer for equitable relief and a claim [that] would evaporate if the [county] treated everyone equally, that sufficiently suggest that the plaintiff has not raised just a single takings claim with different disguises." <u>Id.</u> at 371 (internal citations and quotation marks omitted).

Plaintiff has not alleged that he is a member of a suspect class or that he has any other fundamental right apart from his property rights, but he does allege that certain city defendants abused their police power in an effort to force him to sell or leave his property. For example, plaintiff suggests that the city defendants targeted him by impeding his business, harassing his customers with baseless citations and permitting Findorff to dump toxic substances on his property (see plaintiff's claims numbered three and four above).  (Plaintiff also alleges that the city defendants planned to raid his property and shoot him but he does not identify any details about this plan or allege that either of these things happened.)  As defendants point out, plaintiff does not allege that he suffered any other loss that was

unrelated to the seizure or valuation of his property.  However, his allegations at least suggest that he may have suffered some tangible harm to his business.

If plaintiff is alleging that he was harmed by unequal treatment that is distinct from the condemnation of his property, he may be able to state a "class-of-one" equal protection claim that is not subject to the exhaustion requirements of <u>Williamson County</u>.  <u>Geinosky v. City of Chicago</u>, 675 F.3d 743, 749 (7th Cir. 2012) (finding general allegations of 24 baseless parking tickets from several officers in one police department enough to state a class-of-one equal protection claim); <u>Forseth</u>, 199 F.3d at 371 (plaintiffs' allegations that municipal authorities conditioned plat approval on their conveyance of other land and failed to prevent storm water run-off on their property stated equal protection claim based on malicious conduct).  However, plaintiff's complaint does not allege enough facts to allow me to determine whether plaintiff has a bona fide equal protection claim not subject to the <u>Williamson County</u> ripeness doctrine.

Plaintiff alleges generally that the former mayor of Portage (who is not a named defendant) "appointed or assigned" all of the city defendants to assist the county in pressuring plaintiff to sell his property at below market value by "issuing unjust ordinance violations, arresting customers, issuing tickets to customers, towing away Plaintiff's motor vehicles."  Dkt. #1 at ¶ 5.  He also alleges that defendant Findorff acted on behalf of defendant Columbia County and City of Portage and conspired with them to dump toxic substances on his property and cause other harm to his business.  However, it is unclear from these allegations exactly what happened in each instance, when it happened and which

13

defendants were involved in any specific activity.

Accordingly, I will dismiss the equal protection claim because it violates the requirements of Rule 8.  However, I will give plaintiff an opportunity to file an amended complaint that corrects the deficiencies identified in this order.  United States v. $196,969.00 U.S. Currency, 719 F.3d 644, 647 (7th Cir. 2013) ("[P]arties usually get a chance for a do over of a complaint that fails to state a claim but may be reparable.").  I note that defendant Findorff and the county defendants argue that if the court does not dismiss any of plaintiff's claims based on ripeness, that it abstain so as to not interfere with the pending state court condemnation action.  However, as discussed above, if plaintiff can state an equal protection claim independent of the taking of his property, and any ruling on that claim would not require me to rule on the condemnation process or interfere with the ongoing state case.  Considering what I know at this point about plaintiff's possible equal protection claim, abstention is not appropriate.

In drafting an amended complaint, plaintiff should be aware of a few things.  First, he should draft the complaint as if he is telling a story to people who know nothing about his situation.  Someone reading the complaint should be able to answer the following questions:

• What did each defendant do that makes that defendant liable for violating plaintiff's rights?

• How was plaintiff injured by a conduct of a particular defendant?

Second, to succeed on a "class-of-one" theory under the equal protection clause, plaintiff must establish at least two things:  (1) defendants have treated him differently from

others similarly situated and have done so intentionally; and (2) defendants had no rational basis for the difference in treatment.  Fares Pawn, LLC v. Indiana Department of Financial Institutions, 755 F.3d 839, 845 (7th Cir. 2014).  (I note that it is unclear in such "class-of-one" cases whether the plaintiff must prove that the defendants had a hostile or illegitimate motive for their conduct or decisions.  Id. ("In Del Marcelle v. Brown County Corp., 680 F.3d 887 (7th Cir. 2012) (en banc), this court divided on [whether plaintiffs must prove animus], leaving no controlling opinion.").)

Third, plaintiff must connect each alleged constitutional violation to a particular defendant.  A defendant cannot be held liable for a constitutional violation unless he or she was personally involved in the alleged conduct.  Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012).  Further, under federal pleading rules, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful."  Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013).

Fourth, to bring a claim against a municipality such as Columbia County or the City of Portage, plaintiff will have to allege facts that show that the municipality has a policy, custom or practice that caused the constitutional violation.  Dixon v. County of Cook, 819 F.3d 343, 348 (7th Cir. 2016).  Unconstitutional policies or customs can take three forms:

(1)  an express policy that, when enforced, causes a constitutional deprivation;

(2)  a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or

15

(3)   an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 595 (7th Cir. 2003).  In light of the fact that plaintiff alleges that high-level county and city officials and lawmakers were involved in the alleged conduct, it seems that his claim would fall in the third category.  Connick v. Thompson, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.").  However, if plaintiff chooses to file an amended complaint, he should make clear what specific role each lawmaker or policymaking official had in the alleged constitutional violation.  Although the county defendants are correct that certain government officials are entitled to absolute legislative immunity, immunity does not attach to administrative actions or other conduct that is not legislative in nature.  Bagley v. Blagojevich, 646 F.3d 378, 392-94 (7th Cir. 2011).  Because plaintiff's allegations with respect to any specific government official or lawmaker are unclear, it is too early to tell whether legislative immunity would be relevant in this case.

Fourth, § 1983 applies only to individuals or entities acting "under the color of state law."  Private entities such as defendant Findroff can be held liable as government actors only to the extent that  1) the government "effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision"; or 2) the government delegates a public function to the private party.  Payton v. Rush-Presbyterian-St. Luke's Med. Center, 184 F.3d 623, 628 (7th Cir. 1999).  If plaintiff believes that defendant

Findroff can be held liable as a government actor, he must include allegations in his amended complaint showing that either the city or county defendants directed or controlled Findorff's acts related to the alleged dumping of toxic waste and interference with plaintiff's business operations.  "Simple authorization, approval of or agreement with the conduct of a private party is not sufficient to justify a finding that the party has acted under the color of state law." White v. Cooper, 55 F. Supp. 2d 848, 859 (N.D. Ill. 1999) (internal citation omitted).  Similarly, "the mere allegation that a defendant's work was by public contract or for public benefit does not show they were performing under the color of state law." Id. at 860 (noting that construction contract with state prison not enough to make private company a state actor without allegations that state controlled or coerced corporation's actions).  Therefore, the fact that Columbia County hired Findorff as a general contractor is not enough to hold Findorff liable as a government actor.

### E.  State Law Claims

Plaintiff contends that defendants' conduct related to the taking of his property violates the takings clause of the Wisconsin State Constitution and the requirements for condemnation relocation plans in Wis. Stat. ch. 32.  Because the state claims do not involve a federal question, 28 U.S.C. § 1331, and there is no diversity jurisdiction in this case because plaintiff and defendants appear to be citizens of Wisconsin, 28 U.S.C. § 1332 (requiring complete diversity of citizenship between plaintiff and each defendant), jurisdiction over plaintiff's state law claims depends on 28 U.S.C. § 1367, which applies when the state and

federal claims arise out of the same facts.

Under § 1367, the court may exercise its supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." However, it is "the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999). See also § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."); § 1367(c)(4) (district court may decline supplemental jurisdiction in exceptional circumstances when there are compelling reasons to do so). Because I have dismissed all of plaintiff's federal claims directly related to the taking of his property and there is ongoing litigation in state court regarding this issue, I will decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss them without prejudice to his refiling them with any related federal claims that he may have after he has exhausted his state court remedies. (I note that even though it may be possible for plaintiff to amend his complaint to bring an equal protection claim, that claim would not be sufficiently related to his state law takings claims to require me to exercise supplemental jurisdiction over them.)

## II.  MOTIONS FOR SANCTIONS

The county and city defendants and defendant Findorff have all filed a motion for sanctions under Fed. R. Civ. P. 11, asserting that plaintiff made overly broad and unsupported factual allegations in his complaint,  in violation of Rule 11(b)(3) and asserted frivolous legal claims that are not supported by existing law in violation of Rule 11(b)(2). Defendants rely on the same arguments in their motions for sanctions as they made in support of their motions to dismiss, asserting that plaintiff could not state any valid claim for relief.  They have not shown that plaintiff made false representations to the court or made arguments in bad faith.

Plaintiff lost most of the arguments that defendants raised in their motions to dismiss, but his claims were not frivolous or baseless.  Philos Technologies, Inc. v. Philos & D, Inc., 802 F.3d 905, 917 (7th Cir. 2015) ("A court should not impose sanctions on a party that loses an argument, as long as the argument was not entirely groundless."); Lerch v. Boyer, 929 F. Supp. 319, 324 (N.D. Ind. 1996) ("[T]he mere absence of legal precedent, the presentation of an unreasonable legal argument, or the failure to prevail on the merits of a particular legal contention . . . cannot justify a finding of frivolousness.").  Although the complaint lacked detail and many of his claims were not yet ripe, plaintiff stated an arguable basis for relief that he may be able to pursue after he has exhausted his state court remedies. The fact that plaintiff's complaint does not meet the Rule 12(b)(6) standard does not automatically mean that his claims also fail to pass Rule 11 scrutiny.  Harlyn Sales Corp. Profit Sharing Plan v. Kemper Financial Services, Inc., 9 F.3d 1263, 1270 (7th Cir. 1993)

("Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays.").  This is especially true given the fact that plaintiff is representing himself.  Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990) (plaintiff's pro se status is relevant in determining whether to award sanctions under Rule 11); Leistikow v. Mangerson, 172 F.R.D. 403, 407 (E.D. Wis. 1997).  Accordingly, defendants' motions for sanctions will be denied.


ORDER

IT IS ORDERED that:

1.  The motions to dismiss filed by defendants City of Portage, City of Portage Police Department, Shawn Murphy, Kenneth Manthey and Klaude Thompson, dkt. #5; defendants Columbia County, Columbia County Board Ad Hoc Building Committee, Vern Gove, Kirk Konkel, Joseph Ruf III, Krista Miller, John Miller, Miller and Miller LLC, Mark Hazelbaker, Kasieta Legal Group LLC and Columbia County Condemnation Committee Chairman Todd Bennett, dkt. #8; and defendant J.H. Findorff and Sons, Inc., dkt. #14, are GRANTED.

2.  Plaintiff John Gruber's complaint is DISMISSED WITHOUT PREJUDICE as to the following claims for his failure to exhaust his state remedies for compensation:

- takings clause under the Fifth Amendment;

- due process clause; and

- unreasonable seizure under the Fourth Amendment.

3.   Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as to his equal protection claim under Fed. R. Civ. P. 8.  As to this claim, plaintiff may have until April 3, 2017, to file an amended complaint that corrects the deficiencies described in this order and that otherwise complies with the Federal Rules of Civil Procedure.

4.   If plaintiff does not respond to this order by April 3, 2017, the court will enter judgment in favor of the defendants and close this case.

5.   Plaintiff's claims under the Wisconsin State Constitution and Wis. Stat. Ch. 32 are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction in accordance with 28 U.S.C. § 1367(a) and (c).

6.   Defendants' motions for sanctions under Fed. R. Civ. P. 11, dkt. ##37, 42 and 52, are DENIED.

Entered this 27th day of February, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

21