IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER,

                                              OPINION AND ORDER

                   Plaintiffs,

                                                 16-cv-664-bbc

     v.

CITY OF PORTAGE, SHAWN
MURPHY, KENNETH MANTHEY
and KLAUDE THOMPSON,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff John Gruber is proceeding on claims that defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson violated his constitutional rights by ticketing and searching cars parked on or near plaintiff's business and conducting unnecessary searches of the property. Now before the court are two motions to compel filed by defendants, as well as a motion to expedite a hearing on the motions to compel. Dkts. ##109, 124, 127. For the reasons below, I am granting the motions to compel, but denying the requests for an in-person hearing and for payment of defendants' attorneys' fees and costs.

OPINION

      Defendants served discovery requests on plaintiff on October 31, 2017. On November 20, 2017, plaintiff filed a motion with the court to extend his time to respond,

1

but Magistrate Judge Crocker denied that motion because plaintiff had failed to confer with defendants before filing his motion, defendants had offered to extend plaintiff's response deadline to January 9, 2018 and plaintiff had not provided any reason why he could not submit discovery responses by January 9. Dkt. #108. However, plaintiff did not submit his discovery responses by January 9, prompting defendants to file a motion to compel on January 10. Plaintiff filed an opposition brief on January 25, dkt. #121, stating that by January 16, he had responded to all of defendants' discovery requests. He also filed his discovery responses with the court. Dkt. ##118, 119. Defendants were not satisfied with plaintiff's responses, however, and filed a second motion to compel on February 9, 2018. Dkt. #124. On February 12, defendants also filed a motion for an expedited in-person hearing on their motions to compel. Dkt. #127. Defendants concede in their second motion to compel that they did not confer with plaintiff about his responses before filing their motion, but argue that they are excused from doing so under the Pretrial Conference Order, dkt. #98 at 7, because doing so would have been "a waste of time." Dkt. #124 at 2.

After reviewing plaintiff's discovery responses, I agree with defendants that several of plaintiff's responses to defendants' interrogatory and document requests are inadequate or incomplete. In particular, plaintiff must supplement his responses as follows:

1. **Requests to which plaintiff responded "already answered."** Plaintiff must clarify where within his responses he "already answered" the requests.

2. **Requests to which plaintiff responded with the phrases "City of Portage Documents," "Portage Police Records," "public records," "news articles" or any similar general statement.** If plaintiff has copies of the relevant documents in his possession, custody or control, he must either produce copies of the documents or permit defendants to inspect them. If he does not have possession, custody or

control of the documents, he should provide more specific information about the documents so that defendants can determine the particular documents to which plaintiff is referring.  Finally, if plaintiff is not aware of any document in particular, he should say so.

3. **Document requests to which plaintiff responded that the responsive documents are in storage and inaccessible.**  Plaintiff must provide these documents to defendants if they are in storage that is within plaintiff's custody or control or explain why they are not in his custody or control.

4. **Document requests to which plaintiff responded that defendants should seek discovery from the "FAL Group" directly.**  If plaintiff has these documents, he must provide them to defendants.

5. **Document requests to which plaintiff responded that he submitted them to another court already.**  It is irrelevant for this case that plaintiff may have submitted documents in another lawsuit.  If plaintiff has access to documents relevant to defendants' discovery requests, he must provide them.

6. **Requests for clarification about the allegations in plaintiff's complaint to which plaintiff failed to respond.**  Plaintiff must make a good faith effort to explain to defendants what he means by the terms and phrases used in his complaint.

Plaintiff may have two weeks to supplement his discovery responses as set forth above.  He should also review all of his previous responses and insure that he provided complete and accurate information to defendants and supplement his responses accordingly. To the extent that plaintiff does not recall the information requested or does not have the responsive documents in his possession, custody or control, he should clearly state so under oath. However, plaintiff is warned that if he states that he does not recall or does not have the necessary documents, he will be stuck with those responses in attempting to prove his claims at summary judgment or trial and will not be allowed to expand upon his answers. Although responding to defendants' requests may seem difficult and time-consuming, plaintiff is the party who initiated this lawsuit and therefore has the obligation to abide by

the Federal Rules of Civil Procedure and respond to all discovery requests that are properly made. The fact that plaintiff is proceeding pro se does not mean that he does not have the duty to engage in good faith discovery or that he can ignore discovery requests without consequence. Fischer v. Cingular Wireless, LLC, 446 F.3d 663, 664-66 (7th Cir. 2006) (explaining that pro se plaintiff's disregard for discovery deadlines and refusal to schedule deposition justified dismissal of case).

That being said, I am not persuaded that a hearing is necessary or that plaintiff should be made to pay defendants' attorney fees and costs in bringing these motions at this time. Although plaintiff's discovery responses were incomplete and a few days late, he did make an effort to respond to defendants' extensive discovery requests. Moreover, defendants should have at least attempted to communicate directly with plaintiff about his responses before filing a motion to compel. Although defendants believe doing so would have been a "waste of time" in light of previous failed attempts to communicate with plaintiff about other matters, defendants had never before attempted to explain discovery deficiencies to plaintiff. If they had done so, plaintiff may have offered to supplement his responses without court intervention.

Plaintiff is cautioned that if he does not provide adequate responses to defendants in two weeks, or provide to the court a good reason why he cannot do so, it is likely that I will award costs and fees to defendants in connection with any future discovery motions they file. Further, if plaintiff fails to comply with this order, he will face the possibility that his case will be dismissed by the court as a sanction. Fed. R. Civ. P. 37(b)(2)(A).

4

ORDER

IT IS ORDERED that

1. The motions to compel filed by defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson, dkt. ##109, 124, are GRANTED IN PART. Plaintiff John Gruber has until March 19, 2018 to supplement his responses to defendants' discovery requests as set forth above. In all other respects, the motions are DENIED.

2. Defendants' motion to expedite a hearing on their motions to compel, dkt. #127, is DENIED.

Entered this 5th day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge