IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER,

                                                             OPINION AND ORDER

                      Plaintiffs,

                                                                 16-cv-664-bbc

     v.

CITY OF PORTAGE, SHAWN MURPHY,
KENNETH MANTHEY and KLAUDE THOMPSON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff John Gruber is proceeding on claims that defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson violated his constitutional rights by ticketing and searching cars parked on or near plaintiff's business and conducting unnecessary searches of the property. Now before the court are several motions filed by plaintiff relating to discovery issues, dkts. ##138, 139, 151, all of which must be denied.

     In the first motion, plaintiff says the City of Portage has not delivered paperwork relating to all 275 of the "tickets and fines" he has received since 2014. This motion fails because plaintiff has not submitted evidence that he ever served relevant discovery request on defendants to which they failed to respond or that he attempted to confer in good faith with defendants to resolve any disputes before filing his motion. Fed. R. Civ. P. 37(a)(1). Therefore, I will deny this motion.

     Plaintiff has also filed a motion for sanctions, dkt. #151, stating that defendants have

refused to provide plaintiff's "witnesses" copies of police reports and other documents. However, as has been explained to plaintiff repeatedly, he must follow the discovery rules set forth in the Federal Rules of Civil Procedure and the Preliminary Pretrial Conference Order, dkt. #98, if he wishes to obtain documents and other information from defendants. Plaintiff cannot simply send friends to city offices or submit public records requests and expect to obtain documents for his use in this litigation. Accordingly, I will deny his motion for sanctions and will not consider any further filings regarding public records requests he or his friends have submitted.

Finally, plaintiff filed a motion to quash defendants' notice of his deposition, arguing that he has already been deposed in a different lawsuit. Dkt. #139. Plaintiff's argument is frivolous, as he is well aware that defendants have not deposed him in this lawsuit, and defendants were not even involved in the previous lawsuit to which plaintiff refers. Moreover, Magistrate Judge Crocker previously ordered plaintiff to work with defendants to schedule his deposition for a date in January. Dkt. #108. Plaintiff's continued failure to cooperate with defendants on scheduling his deposition and on other discovery matters is grounds for sanctions. Thus, if defendants notice plaintiff's deposition within 30 days of this order and plaintiff fails to attend, or fails to provide a genuine reason why he cannot, I will likely dismiss this action entirely as a sanction. Fed. R. Civ. P. 37(b)(2)(A). Additionally, if plaintiff continues to file frivolous and unsupported motions, I will consider dismissing this case as a sanction for wasting the time and resources of the court and defendants' counsel.

ORDER

IT IS ORDERED that

1. Plaintiff John Gruber's motion to compel, dkt. #138, motion regarding deposition, dkt. #139, and motion for sanctions, dkt. #151, are DENIED.

2. Plaintiff must attend his deposition and answer questions put to him by defendants' counsel if properly noticed by defendants within 30 days of this order or face the possibility that this case will be dismissed.

Entered this 11th day of April, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge