IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER,

OPINION AND ORDER

Plaintiffs,

16-cv-664-bbc

v.

CITY OF PORTAGE, SHAWN
MURPHY, KENNETH MANTHEY
and KLAUDE THOMPSON,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff John Gruber is proceeding on claims that defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson violated his constitutional rights by ticketing and searching cars parked on or near plaintiff's business and conducting unnecessary searches of the property. Now before the court is defendants' motion to dismiss the case for plaintiff's failure to comply with court orders. Dkt. #156. In particular, defendants argue that plaintiff failed to comply with the court's March 5, 2018 order in which I directed plaintiff to supplement his interrogatory and document request responses by March 19, 2018. Dkt. #137. Defendants say that plaintiff has not supplemented his responses at all and instead, has continued to demonstrate uncooperative behavior. Defendants argue that dismissal is the most appropriate sanction for plaintiff's actions. Plaintiff did not file a response to defendants' motion.

As explained below, I am denying defendants' motion because I conclude that

dismissal is not appropriate under the circumstances. However, I will order plaintiff to supplement his discovery responses within 10 days. If plaintiff fails to do so or fails to explain why he cannot, I will dismiss his case.

OPINION

Under Fed. R. Civ. P. 37(b)(2)(A) and (C), courts can impose sanctions against a party that fails to comply with a discovery order. Such sanctions may include requiring payment of costs and fees, prohibiting the party from introducing certain evidence or even dismissal of the case. Id. See also e360 Insight, Inc. v. Spamhaus Project, 658 F.3d 637, 644 (7th Cir. 2011) (district court has "wide latitude in fashioning appropriate sanctions"). In the March 5, 2018 order, I warned plaintiff that he may be sanctioned or have his case dismissed if he failed to supplement his discovery responses as ordered. Dkt. #137 at 4. Plaintiff has now failed to comply with the March 5 order. However, plaintiff's actions are not serious enough to justify dismissal at this stage in light of his pro se status and the lack of apparent prejudice to defendants.

Although plaintiff's pro se status is not justification for his ignoring court orders or discovery obligations, it is a relevant consideration in determining an appropriate sanction. Here, plaintiff's pro se status and lack of legal experience have clearly affected his actions in this case. Although he has failed to timely respond to several motions filed by defendants, he has continued to be active in the case, filing numerous motions and other documents. Some of his filings have demonstrated his confusion about the claims remaining at issue in

this case, such as documents he submitted relating to public records requests made by non-parties. As I explained in the March 5 order, plaintiff did attempt to respond to defendants' extensive discovery requests, which included 22 interrogatories and 147 document requests, and plaintiff submitted his initial responses only a few days past the deadline upon which the parties had agreed plaintiff's responses were due. Many of plaintiff's responses were inadequate, but defendants filed their motion to compel without first attempting to confer with plaintiff about his responses. Although I ordered plaintiff to supplement his answers, I declined to impose costs or any additional sanctions on plaintiff. Since that time, plaintiff has continued to submit documents to the court, some which are relevant to this case and some which are not. Thus, although plaintiff's failure to supplement his response as ordered is unacceptable, his failure is somewhat mitigated by his pro se status.

Additionally, defendants have identified no specific prejudice they have suffered as a result of plaintiff's failure to timely comply with the March 5 order. Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1382 (7th Cir. 1993) (sanctions must "be proportionate to the circumstances surrounding the failure[s] to comply with discovery," including consideration of prejudice or inconvenience to other side). For example, defendants do not say that they cannot understand plaintiff's claims or that they have been unable to prepare a defense because of plaintiff's delayed discovery responses. They do not say that plaintiff's failure to supplement his responses affected their decision not to file a motion for summary judgment.

Further, defendants deposed plaintiff on May 4, 2018, at which time they could have presumably clarified any outstanding discovery concerns. Of course, plaintiff is not excused

from supplementing his responses simply because he was deposed, but the deposition potentially lessens any prejudice defendants have suffered. Moreover, as I explained previously, any prejudice defendants could potentially suffer is lessened by the fact that plaintiff will be prohibited from using at trial any evidence in his possession that would have been responsive to defendants' discovery requests but which he failed to provide.

Finally, defendants argue that plaintiff's failure to comply with discovery obligations is just one of many instances in which plaintiff has demonstrated uncooperative or dilatory behavior throughout this case. However, several of defendants' examples of bad behavior are not significant. For example, defendants fault plaintiff for filing a motion to extend discovery deadlines without first conferring with them, dkt. #101, but defendants also filed multiple discovery motions without first conferring with plaintiff. Dkt. ##109, 110, 127. Defendants also complain that plaintiff failed to respond to their motion to dismiss early in the case, but as I explained in denying defendants' motion, plaintiff was permitted to rely on the allegations in his pleadings. Dkt. #95 at 2. Finally, both sides have filed unwarranted motions for sanctions in this case. Dkt. ##42, 151.

In sum, although I understand defendants' frustration in attempting to communicate with plaintiff and obtain discovery from him, defendants have identified no particular prejudice they have suffered from plaintiff's failure to comply with the March 5, 2018 order. In light of plaintiff's pro se status, his continued participation in the case and the lack of prejudice to defendants, I will deny defendants' motion to dismiss the case. However, I will order plaintiff to supplement his discovery responses as set forth in the March 5 order within

10 days or explain in writing why he cannot do so.  I will include a copy of the March 5 order with this order for plaintiff's reference.  If plaintiff fails to comply, I will dismiss his case as a sanction.

ORDER

IT IS ORDERED that

1.  The motion to dismiss filed by defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson, dkt. #156, is DENIED.

2.  Plaintiff John Gruber has until June 29, 2018 to supplement his responses to defendants' discovery requests as set forth in the March 5, 2018 order, dkt. #137, or explain why he cannot do so.  If he fails to do so, I will dismiss plaintiff's case as a sanction for his failure to comply with court orders.

Entered this 20th day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge