IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN GRUBER,

                                   OPINION AND ORDER

                Plaintiffs,

                                   16-cv-664-bbc

     v.

CITY OF PORTAGE, SHAWN
MURPHY, KENNETH MANTHEY
and KLAUDE THOMPSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 20, 2018, I denied the motion to dismiss filed by defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson. Dkt. #172. Defendants argued that pro se plaintiff John Gruber's claims against them should be dismissed because plaintiff failed to comply with court orders relating to discovery. In denying defendants' motion, I concluded that plaintiff's actions did not warrant dismissal of his case. However, I ordered plaintiff to supplement his discovery responses within 10 days. Plaintiff submitted a two-page supplement to his discovery responses on July 3, 2018. Dkt. #173. For the most part, plaintiff's response states that he does not have any additional documents in his possession or control that are responsive to defendants' discovery requests.

Now defendants have filed a renewed motion to dismiss plaintiff's claims on the ground that plaintiff's supplemental response in insufficient. Dkt. #174. Defendants argue that plaintiff failed to (1) respond under oath, (2) identify specific documents he believes

1

are relevant, regardless whether he has them in his custody or control, (3) provide documents he could have accessed from public files and (4) clarify previous allegations and responses. Defendants again seek dismissal under Fed. R. Civ. P. 37(b)(2)(A) and (C).

I am denying defendants' motion. Plaintiff's supplemental responses are not as complete as they could be. Some of his responses are vague. Additionally, plaintiff seems to think he provided information to defendants during depositions at which defendants were not present. However, plaintiff's responses do not warrant dismissal of his case.

First, defendants do not clearly explain why further supplementation would be useful at this stage or what specific documents they believe plaintiff has refused to provide. Plaintiff's claims in this case seem fairly straightforward. He contends that defendants violated his constitutional rights by ticketing and searching cars parked on or near his business and conducting unnecessary searches of his property. Defendants do not suggest that they need plaintiff to clarify his previous discovery responses to understand plaintiff's claims or to understand how he intends to prove his claims. Rather, defendants' primary argument seems to be that plaintiff has alluded to documents that purportedly support his claim, but has refused to produce such documents. For example, defendants argue that plaintiff has refused to explain his vague references to "court documents" or documents that were destroyed in storage. However, neither side has explained what these documents are and, as I have stated on multiple occasions, plaintiff would be prohibited from using any evidence in his possession that would have been responsive to defendants' discovery requests but which he failed to provide. Thus, if plaintiff were to come up with "court documents"

or previously undisclosed documents from his storage units, he could not rely on them to prove his claims. In short, defendants can assume at this point that no such documents exist.

Next, defendants state that plaintiff's delayed discovery responses "deprived [them] of the opportunity to determine whether to bring a summary judgment motion." Dkt. #174 at 8. However, defendants make no attempt to explain this statement. If plaintiff had attempted to oppose summary judgment by submitting evidence that should have been disclosed to defendants earlier, defendants could have moved to exclude it. Additionally, if defendants believed that plaintiff's delayed discovery responses affected their ability to file a timely summary judgment motion, they could have requested an extension of the dispositive motion deadline from the court. They did not do so.

Finally, many of defendants' arguments are the same that I considered in my previous order. For the reasons explained already, I am not persuaded that dismissal of this case is warranted. At this stage, the parties should focus on preparing for trial.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson, dkt. #174, is DENIED.

Entered this 13th day of August, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge