IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GRUBER,

                               Plaintiff,                      OPINION & ORDER

    v.

                                                                16-cv-664-wmc

CITY OF PORTAGE, SHAWN MURPHY,
KENNETH MANTHEY and KLAUDE THOMPSON,

                              Defendants.

---

In this civil lawsuit brought under 42 U.S.C. § 1983, plaintiff John Gruber is proceeding to trial on a "class-of-one" equal protection claim against defendants City of Portage, Shawn Murphy, Kenneth Manthey and Klaude Thompson for ticketing and searching cars parked on or near Gruber's business, as well as performing searches of Gruber's property. This case is set for a jury trial to commence on November 5, 2018. In advance of the final pretrial conference set for tomorrow at 3:00 p.m., the court issues the following decisions on the defendants' 15 motions in limine.[1] (Dkt. #199, #208.)

OPINION

As explained in more detail below, with the exception of motion in limine no. 8, all of defendants' motions in limine relate to the relevance of certain events or documents that defendants expect Gruber to attempt to introduce at trial. In his amended complaint, Gruber made numerous allegations about various bad acts allegedly committed by defendants dating back over 18 years, and defendants are concerned that he may seek to introduce these acts as

---

[1] Defendants initially filed 11 motions in limine and numbered them 1-8 and 11-13, skipping numbers 9 and 10. (Dkt. #199.) Defendants then late-filed supplemental motions in limine 14-17. (Dkt. #208.)

evidence of defendants' bad character. The additional motion no. 8 relates to the amount and types of damages that Gruber may seek.

Gruber has filed no opposition to any of the defendants' motions in limine, and they could all be granted on that ground alone, especially since much of the evidence to which defendants object appears to have no relevance to Gruber's remaining equal protection claim for selective ordinance enforcement and surveillance from 2014 to 2017. Additionally, defendants are correct in pointing out that evidence of other wrongs or acts is not admissible to prove a person's bad character, nor show that on a particular occasion the person acted in accordance with that character. Fed. R. Evid. 404(b).

For the reasons explained more fully below, therefore, defendants' motions in limine nos. 2-7 and 15-17 will generally be granted as unopposed *unless* Gruber is able to persuade the court at the final pretrial conference that any evidence falling into those categories is relevant to his equal protection claim. The court is granting in part and reserving in part motions in limine no. 1, 13 and 14, and reserving a ruling on motion in limine no. 8. The court will deny motion in limine nos. 11 relating to statements made by the mayor, and will grant in part and deny in part motion in limine no. 12, relating to statements by defendant Murphy to Janet Atkins.

The motions and the basis for the court's rulings are summarized below.

**I. Motions in Limine Numbered 1, 13, and 14**

In motion in limine no. 1, defendants seek to prevent Gruber from presenting evidence or making any argument regarding claims included in his amended complaint that were expressly or effectively dismissed by the court, including claims related to condemnation of

his business property on Edgewater Street and changes to the zoning and the requirement for a conditional use permit for his Jefferson Street auto repair shop. Motion in limine no. 13 seeks to preclude evidence regarding Portage police officers parking their squad cars in front of the garage doors at Gruber's repair shop at 208 East Edgewood, which is not listed in the court's July 2017 order identifying Gruber's remaining claims. Motion in limine no. 14 seeks to preclude evidence regarding problems with a sewer line at the repair shop, about which Gruber did not make any allegations or otherwise connect to the actions of defendants. None of the above topics is directly relevant to Gruber's claim of selective parking ordinance enforcement and surveillance, and therefore, defendants' motion is granted to the extent that Gruber may not seek damages for this conduct. However, each incident *may* be relevant to showing defendants' state of mind – specifically, motivation and intent – although the sewer event seems too remote in time and circumstantial to be admitted even for this limited purpose. Accordingly, the court will reserve on this aspect of defendants' motions until the Final Pretrial Conference.

Motions in limine numbered 1, 13, and 14 are GRANTED IN PART AND RESERVED IN PART as set forth above.

## II. Motion in Limine Number 2

Defendants seek to exclude any questions, testimony or evidence related to the 2004 death of Keith Galster or Gruber's opinion that defendants Thompson and Manthey and other Portage police officers "murdered" Mr. Galster. Not only has it never been determined that Galster was murdered, but his death is not related to Gruber's claim that defendants

3

engaged in selective ordinance enforcement and surveillance more than ten years later. Even if it were, the unfair prejudice that would result requires its exclusion under Fed. R. Evid. 403.

The motion is GRANTED.

**III. Motion in Limine Number 3**

Defendants seek to preclude Gruber from presenting evidence or argument that defendants or any city employees: (1) engaged in aggressive law enforcement action and prosecutions targeting small business owners to coerce contributions for various fund-raising efforts; (2) offered special protection to members of the public who donated to various fund-raising efforts; and (3) engaged in drug dealing, illegal drug usage, pervasive alcohol abuse, fake fund raising, and sexual misconduct under the protection of the Columbia County District Attorney. In his amended complaint, Gruber alleges that after a new district attorney was elected in 2000, he noticed police corruption that was never prosecuted, including more aggressive law enforcement and prosecution targeting small business owners who did not contribute to law enforcement fundraisers. However, these allegations are not relevant to Gruber's claims unless he has evidence that (1) the alleged corruption led *directly* to the selective enforcement and surveillance activities against Gruber or (2) defendants targeted Gruber *because* he did not contribute to fund-raising efforts by Portage police officers. Again, evidence of defendants' past bad character is not admissible to show that defendants acted in accordance with that character in their dealings with Gruber and would likely be prejudicial under Rule 403.

The motion is GRANTED.

### IV. Motion in Limine Number 4

Defendants seek to preclude Gruber from presenting evidence concerning a deferred prosecution agreement entered into by defendant Manthey in 2002, related to an attack on a child. Such evidence is not relevant to Gruber's equal protection claim, cannot be used to show Manthey's bad character, and is unduly prejudicial.

The motion is GRANTED.

### V. Motion in Limine Number 5

Defendants seek to prevent Gruber from introducing as evidence an unsigned document entitled "Notice of Charges" that was purportedly prepared by Gruber's friend, Brian Warren, and filed with the court on March 23, 2018. (Dkt. #148.) The notice discusses the death of Keith Galster, alleged drug-related activity involving Portage police officers, and collusion between the city attorney, district attorney, judges and others to operate an organized crime group to defraud Portage taxpayers and commit crimes. The document not only contains inadmissible hearsay statements, but also does not appear relevant to Gruber's claim for the same reasons discussed in conjunction with motion in limine nos. 2 and 3 above.

The motion is GRANTED.

### VI. Motion in Limine Number 6

Defendants seek to preclude Gruber from introducing evidence related to the "John Doe Petition" that he and other residents of Columbia County filed in state court on November 28, 2017, alleging unjustified killings by the Columbia County and Portage Police Departments. Gruber filed a copy of the petition, a newspaper article, and various other

documents related to the state court filing with this court because he thought "it was something that the court should know about." (Dkt. #149.) This evidence will be precluded for the same reasons discussed in conjunction with motions in limine nos. 2, 3, and 5.

The motion is GRANTED.

### VII. Motion in Limine Number 7

Gruber has filed in this case a copy of a "Notice of Claim" purportedly prepared by Krystal Cole regarding the City of Portage's lack of response to her public records request for parking tickets and police reports issued to Gruber Automotive (dkt. #140) and the city's response (dkt. #150). Defendants seek to preclude Gruber from offering these documents into evidence. Although the subject of the public records request relates to Gruber's equal protection claim, Cole's complaints about the city's response to her request do not.

The motion is GRANTED.

### VIII. Motion in Limine Number 8

Gruber alleges in his amended complaint that he lost business revenue from November 1, 2014, through the time his business was closed due to a condemnation proceeding, which occurred sometime in February 2017. (Dkt. #71 at ¶¶ 5, 27.) He further alleges that he incurred towing costs and business loss as a result of defendant Thompson's alleged actions. (Dkt. #71 at ¶ 6.) At his deposition, Gruber agreed that he was seeking damages in the following amounts: $3,000 per week during the relevant time period for loss of revenue, $2,500 in towing costs, and an additional $4,000 in towing costs and car storage fees during December 2015. (Dkt. #169 at 18, 122-23.)

Defendants seek to preclude Gruber from arguing at trial that he is entitled to any other damages besides those he already has identified, on the ground that it would result in unfair surprise and prejudice to defendants. A plaintiff is not required to itemize his damages claims in his complaint. *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995). "On the contrary, the rules entitle him to a judgment that grants him the relief to which he is entitled even if the complaint failed to ask for that relief." *Id.* (citing Fed. R. Civ. P. 54(c)); *see also Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (citing Rule 54(c) for same). Defendants are on more solid ground with respect to holding Gruber to his testimony, although counsel should also have been more straightforward in asking about damages at his deposition, particularly as he is acting *pro se*:

> Q: So you alleged in your complaint the loss of $3,000 per week during the time period, the $2,500 in towing costs, and the $4,000 from December of 2015, correct?
>
> A: Correct.
>
> Q: Those are the damages you're alleging in this case, correct?
>
> A: Yes.

(Dkt. #169 at 122-23.)

Obviously, this would be an easier case if defendants can show at the Final Pretrial Conference that: (1) plaintiff is seeking to exceed damages disclosed pursuant to Rule 26(a)(1)(A)(iii); (2) refused to make his Rule 26 disclosures, despite being asked to do so; (3) otherwise failed to disclose damages as expressly required by court order; or (4) was asked to list *all* damages being sought. Perhaps plaintiff will agree to seek only the damages discussed at his deposition, in which case this motion would be moot, but until hearing from plaintiff at the Final Pretrial Conference, the court will reserve on this motion.

7

The motion will be RESERVED.

### IX. Motion in Limine Number 11

Defendants seek to preclude Gruber from presenting evidence or testifying about a "public" statement allegedly made by Portage Mayor Bill Tierney, who is not a defendant in this case. In his amended complaint, Gruber alleged that Tierney stated that "there is no place in Portage for John Gruber -- he and his bottom feeders must go." (*See* Amd. Cpt., dkt. #71 at ¶ 27.) Generally speaking, Tierney's statement is obviously not being offered for the truth of the matter asserted. Nor is it clearly relevant to Gruber's claims because Gruber did not allege that Tierney played any role in defendants' selective parking enforcement or surveillance. However, Tierney's statement may be evidence of a policy of harrassement by the City of Portage. Gruber may also be able to use it to show its effect on the individual defendants, *provided* there is evidence that any of those defendants heard or were made aware of the statement or made aware of a larger policy of harassment by the City.

The motion is DENIED.

### X. Motion in Limine Number 12

Defendants seek to preclude Gruber from presenting evidence or testifying about statements allegedly made to him by Janet Atkins, the president of a real estate development group. In his amended complaint, Gruber alleged that Atkins said defendant Murphy told her that Gruber's business was "a magnet for bottom feeder people," creates a "bad image," and is a "junk dealer that must go." (*See* Amd. Cpt., dkt. #71 at ¶ 7.)

Under the double hearsay rule, Gruber cannot testify about what Atkins told him that Murphy said. However, Gruber may call Atkins as a witness and she may testify what Murphy

said to her because Murphy's statements are not hearsay as statements of a party opponent. Additionally, Gruber may ask Murphy directly -- either on cross examination or after calling him as an adverse witness -- about any statements that he made to Atkins about Gruber and his business. Although defendants argue that Murphy's statements are not relevant because they relate to the condemnation of Gruber's business, which is not an issue in this case, that fact is not clear from the allegations in the complaint. Moreover, Murphy is a defendant in this case and depending on the circumstances, his view of Gruber or his business may be relevant to prove Murphy's state of mind.

The motion is GRANTED with respect to the hearsay statements made by Atkins and DENIED with respect to the relevancy of Murphy's statements.

**XI. Motion in Limine Number 15[2]**

Defendants seek to preclude Timothy Zillmer from testifying at trial that he believes his son Riley and he were targeted by city police and issued tickets and citations regarding motor vehicles, a garbage dumpster, and junk ordinance violations because Zillmer spoke on Gruber's behalf at a Portage Common Council meeting and served a summons on a former defendant in this lawsuit. (*See* Zillmer stmt., dkt. #205, exh. #5.) It appears that Zillmer is alleging that Portage police officers retaliated against him for helping Gruber. However, that allegation is not relevant to whether defendants targeted Gruber himself. Without more

---

[2] Motions in limine numbered 15, 16, and 17 relate to witness testimony that defendants expect Gruber to present at trial. Gruber submitted a witness list along with several exhibits, which include a number of unsworn witness statements that he entitles "affidavits." To the extent Gruber intends to offer the witness statements by affidavit, rather than live testimony, he should be aware that even **sworn, written witness statements are not admissible as evidence at trial**.

connecting these alleged actions to the events at issue in this case, they are too remote to have any probative value to Gruber's claim.

The motion is GRANTED.

## XII. Motion in Limine Number 16

Defendants seek to preclude Peggy Wisemore from testifying at trial that her car was towed from Gruber's repair shop in 2009. (*See* Wisemore stmt., dkt. #205, exh. #9.) Because the incident significantly predates the alleged conduct in this case, which occurred between November 2014 and February 2017, it is too remote to have any probative value to Gruber's claim.

The motion is GRANTED.

## XIII. Motion in Limine Number 17

Defendants seek to preclude Robert Zeier from testifying at trial about hearing unidentified individuals make unidentified, derogatory comments about Gruber at a meeting with city and county officials. (*See* Zeier stmt., dkt. #205, exh. #1 at 4.) Without more information about what the comments were, in what context the comments were made, or who made the comments and to whom they were made, Zeier's testimony with respect to the issues for trial are too remote to be helpful to the jury.

The motion is GRANTED.

ORDER

IT IS ORDERED that defendants' motions in limine (dkt. #199) and supplemental motions in limine (dkt. #208) are GRANTED IN PART, RESERVED IN PART and DENIED IN PART:

(1) Motions in limine numbered 1, 13 and 14 are GRANTED IN PART AND RESERVED IN PART.

(2) Motions in limine numbered 2-7 and 15-17 are GRANTED as unopposed.

(3) Motion in limine number 8 is RESERVED.

(4) Motions in limine numbered 11 is DENIED.

(5) Motion in limine number 12 is GRANTED with respect to the hearsay statements made by Janet Atkins but DENIED with respect to the possible relevancy of Murphy's out-of-court statements to his state of mind.

Entered this 29th day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge