IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JOHN GRUBER,

                Plaintiff,                          ORDER

     v.

                                                   16-cv-664-wmc

CITY OF PORTAGE, SHAWN MURPHY,
KENNETH MANTHEY and KLAUDE THOMPSON,

                Defendants.
───────────────────────────────────────────────────────────────

      At the final pretrial conference held yesterday, counsel for defendants requested changes to the court's proposed jury instruction on plaintiff John Gruber's "class of one" equal protection claim. Specifically, defense counsel requested that the court (1) require Gruber to prove as an element of his claim that he was treated different from others "similarly situated"; and (2) add additional language defining "rational basis." After considering defendants' proposals and the relevant case law, the court has amended the jury instruction for Gruber's equal protection claim as reflected in the attached instruction.

      The court concludes that recent case law from the Seventh Circuit does not support defendants' request that proof of a "similarly situated comparator" be included as an *element* of Gruber's claim. *See Brunson v. Murray*, 843 F.3d 698, 706 (7th Cir. 2016) ("[W]hile earlier cases cited by the district court had required evidence of similarly situated comparators [], our more recent cases have made clear that such evidence is not always required.") (citations omitted); *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) ("If animus is readily obvious, it seems redundant to require that the plaintiff show disparate treatment in a near exact, one-to-one comparison to another individual."). Although "[e]vidence of similarly situated individuals is not required as part of a formalistic mandate, . . . such evidence may

help to establish disparate treatment." *Brunson*, 843 F.3d at 706. Therefore, the court's attached revised jury instruction now includes language explaining that jurors may consider whether Gruber has shown that defendants treated other business owners who were similarly situated to him more favorably. The jury may also consider whether Gruber has shown a pattern of harassment or overt hostility.

The court's revised instruction also includes additional language defining the "no rational basis" element of Gruber's claim. *See D.B. v. Kopp*, 725 F.3d 681, 685-86 (7th Cir. 2013); *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 914 (7th Cir. 2012); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008). Understanding that defendants would prefer even more detailed explanations as proposed in their instructions, the court finds anything more to be redundant and potentially misleading.

IT IS SO ORDERED.

Entered this 31st day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge